IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HAROLD B OPPENHEIMER,            )
et al.,                          )
                                 )
                 Plaintiffs,     )
                                 )      CIVIL ACTION
v.                               )
                                 )      No. 14-2206-JTM-TJJ
BRIAN LINT,                      )
et al.,                          )
                                 )
                 Defendants.     )
_____ )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant/Garnishee Argonaut Insurance Company's Motion to Have Judgment Debtors Regarded as Nominal Parties or, Alternatively, Motion to Realign Parties (ECF No. 3).  In its motion, Argonaut Insurance Company ("Argonaut") asks the Court to declare the Defendants/Judgment Debtors Brian Lint and Lint, Singleton & Heintz, CPAs, PC to be nominal parties.  In the alternative, Argonaut asks that Defendants/Judgment Debtors be realigned as party plaintiffs.  No party has opposed the motion.  Although the parties' lack of opposition may provide a basis for the Court to grant the motion,[1] the Court addresses the merits because the motion relates to the Court's subject matter jurisdiction.  Federal Rule of Civil Procedure 12(h) obligates the Court to examine its jurisdiction sua sponte and to dismiss the action if it is lacking.[2]  For the following reasons, the Court grants the motion.

_____

[1]*See* D. Kan. Rule 7.4(b).

[2]*Mackovich v. Richardson*, No. 13-3064-RDR, 2013 WL 2152191, at *3 (May 17, 2013); Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**Facts**

In this garnishment action, the Plaintiffs are Judgment Creditors in the underlying cause of action filed in Johnson County, Kansas District Court ("the state court case"). Defendants Brian Lint and Lint, Singleton & Heintz, CPAs, PC are Judgment Debtors in the state court case, which arose out of their alleged failure to properly establish and maintain proper financial controls over Judgment Creditors' financial and accounting records and reports. As a result, an employee of Plaintiff/Judgment Creditor PushButtonMusic.com embezzled $371,888.00 from Plaintiffs/ Judgment Creditors.

In approximately late January, 2014, the Judgment Creditors and Judgment Debtors entered into a settlement agreement in which the parties agreed that the Judgment Creditors would present evidence of liability *ex parte* and without notice to the Judgment Debtors. The state court judge would then determine whether judgment should be entered and in what amounts. Significantly, the Judgment Debtors consented to entry of judgment in the state court case, and the Judgment Creditors agreed that they would not satisfy the judgment through a lien of any sort, nor would they garnish, execute, or attach any of Judgment Debtors' property. Instead, the parties agreed that any judgment would be collected from and satisfied by the liability insurance companies only, *i.e.* Argonaut and Defendant/Garnishee Philadelphia Indemnity Insurance Company ("Philadelphia"). The settlement agreement also acknowledges that the liability insurance companies had denied coverage in the case.

The state court judge entered the following judgment in favor of the Plaintiffs/Judgment Creditors: (1) $605,785.00 to Harold Oppenheimer; (2) $115,000.00 to the Hal and Lloyd

Oppenheimer Irrevocable Trust; and (3) $21,000,000.00 to PushButtonMusic.com, LLC.[3]  On or about March 27, 2014, the Plaintiffs/Judgment Creditors moved for and obtained from the state court an order of garnishment.  Plaintiffs/Judgment Creditors obtained service of process on Argonaut and Philadelphia via certified sent on April 2, 2014, by the Kansas Commissioner of Insurance.[4]  On May 2, 2014, Argonaut timely filed its Notice of Removal, which included Philadelphia's consent to removal.

**Analysis**

Although this lawsuit began in state court as the Plaintiffs/Judgment Creditors' underlying tort action against the Judgment Debtors and was removed under the same case number, it became a separate and distinct civil action for purposes of the federal removal statute[5] when the garnishment was instituted.[6]  Argonaut and Philadelphia were not original parties; Plaintiffs/Judgment Creditors added them as Defendants when they converted the action to one for garnishment.[7]  But the creation of a separate and distinct civil action does not mean that the case is removable on the basis of diversity of citizenship unless complete diversity exists between all plaintiffs and all defendants.[8]  Recognizing that, Argonaut filed the instant motion because the current alignment of the parties does not satisfy the requirement of complete

---

[3]*See* ECF No. 1-1 at 46-48.

[4]ECF No. 1-1 at 23-24.

[5]28 U.S.C.§ 1441(a).

[6]See *Smotherman v. Caswell*, 755 F. Supp. 346, 348 (D. Kan. 1990).

[7]*See* Second Amended Petition, filed January 28, 2014 in Johnson County, Kansas District Court (ECF No. 4-1).

[8]28 U.S.C. § 1332.

diversity.[9]  Argonaut proposes to resolve the issue in one of two ways: (1) to regard Defendants/Judgment Debtors as nominal parties whose consent is not required for removal and whose citizenship is irrelevant; or (2) to realign the parties with Plaintiffs/ Judgment Creditors aligned with Defendants/Judgment Debtors and against Defendants/Garnishees. Plaintiffs/Judgment Creditors agree that Defendants/Judgment Debtors are nominal parties and assert that realignment is unnecessary because they do not expect Defendants/Judgment Debtors to participate in this action.[10]

Case law suggests that both avenues together will satisfy subject matter jurisdiction.  The first issue to consider is alignment of the parties.  "In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship."[11]  Here, the garnishees have denied that coverage exists under their insurance policies with the judgment debtors.  Accordingly, the Court will consider the interests of the Judgment Creditors and Judgment Debtors to be aligned on the same side.

The next issue is whether Argonaut, a garnishee, may remove this action under Section

---

[9]Argonaut asserts the parties' citizenship to be as follows: (1) Plaintiffs/Judgment creditors Harold B. Oppenheimer (Missouri), PushButtonMusic.com, LLC (Missouri), members of the LLC (Missouri, Wyoming, New York, California, Texas, Oklahoma, and a state other than Pennsylvania or Illinois), Hal and Lloyd Oppenheimer Irrevocable Trust (Missouri); (2) Defendants/Judgment Debtors (Missouri); and (3) Defendants/ Garnishees Argonaut (Illinois) and Philadelphia (Pennsylvania).  No party disputes the assertion.

[10]*See* Plaintiffs' Response to Motion to Realign (ECF No. 6).

[11]*Smotherman v. Caswell*, 755 F. Supp. 346, 348 (D. Kan. 1990).

4

1441.[12]  The settlement agreement in the underlying action has the effect of making the Judgment

Debtors nominal parties because they have no real interest in the present controversy.  "In

determining the question of whether diversity of citizenship requisite to jurisdiction exists, a

court looks to the citizenship of the real parties in interest; and where there is complete diversity

between them, the presence of a nominal party with no real interest in the controversy will be

disregarded."[13]  The Court thus disregards the Defendants/Judgment Debtors for purposes of

determining diversity and finds that all necessary Defendants have consented to removal.

Defendant/Garnishee Argonaut Insurance Company's Motion to Have Judgment Debtors

Regarded as Nominal Parties or, Alternatively, Motion to Realign Parties (ECF No. 3) is hereby

**GRANTED.**  In granting this motion, the Court finds it unnecessary to change the party

designation of the Judgment Debtors; it is sufficient merely to realign their interests.

Accordingly, the Court grants the motion on the basis that Defendants/Judgment Debtors Brian

Lint and Lint, Singleton & Heintz, CPAs, PC are nominal parties.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 22nd day of July, 2014.


s/ Teresa J. James_____
Teresa J. James
United States Magistrate Judge

---

[12]No party disputes the removal of this action, but the Court must be satisfied that subject
matter jurisdiction exists.

[13]*Hann v. City of Clinton, Okla.*, 131 F.2d 978, 981 (10th Cir. 1942).  *See also Dodson
Aviation, Inc. V. HLMP Aviation Corp.*, No. 08-4102-EFM, 2009 WL 1036123 (D. Kan. Feb. 12,
2009) (defendant with no legal interest in property that is subject of in rem action is nominal
party whose consent to removal is unnecessary).